JOEL B. KETCHUM, Plaintiff in Error, *v.* JOSEPH WATSON, Defendant in Error.

### ERROR TO TAZEWELL.

Where a person is in possession of personal property, and receives credit from another who has no notice, at the time of the credit, that he is not the owner, a third person will not be permitted to claim the property.

A. claimed a horse as his property, which had been levied on as the property of B., while it was in B.'s possession, under an execution in favor of C. Held, that A. could not support his claim, as against C., unless C. had notice of A.'s claim at the time he gave credit to B.

THE facts of this case are the same as those of the preceding case; except the instructions which are stated in the opinion, and the evidence of *Michael Watson,* called by plaintiff, who said, that he is son of plaintiff; knew the horse in question; plaintiff had owned the horse for four or five years; he sold the horse to George Outlaw on the eleventh day of August, 1859, conditionally; that Outlaw was to take the horse and take good care of him, and if he paid for it by the twenty-fifth of December, 1859, the horse was to be Outlaw's, but if he failed to pay for the same, the horse was to remain the plaintiff's. Outlaw never paid for the horse. In the latter part of September, 1859, I told Ketchum of the condition which the horse had been sold upon; Ketchum then held the note upon which the judgment against Outlaw was obtained, upon which execution in question issued; I had made a conditional sale for my horse, and took Outlaw's note, and which contract was rescinded on the tenth of October, when Outlaw made a conditional contract, like the one my father and he had made.

S. D. PUTERBAUGH, for Plaintiff in Error.

J. ROBERTS, for Defendant in Error.

BREESE, J. This case, in its principal features, does not differ from the case of *Ketchum* v. *M. Watson, ante,* 591, and must be decided in the same way. There are, however, some instructions necessary to be noticed.

The plaintiff asked this instruction, which the court gave: "If the plaintiff sold Outlaw a horse, conditioned that it should not be his property until paid for, and that Ketchum was cognizant of such contract, they will find for the plaintiff, unless the property was in the possession of Outlaw, and the indebtedness accrued to Ketchum before such notice, and while Outlaw had said horse in possession; and if such be the case, you will find for the defendant."

We think the court erred in giving it without this material qualification, namely, that Ketchum was cognizant of the contract, before he gave credit to Outlaw.

This view rendered it necessary that the court should have given the third instruction asked by the defendant, that unless they believe, from the evidence, that Ketchum had notice of the sale to Outlaw before he purchased the notes, they will find for the defendant. It was error to refuse this instruction.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*