George v. Tufts.

## GEORGE v. TUFTS.

1. Where a cause is heard upon an agreed state of facts, no exception to the judgment is necessary.

2. Secret liens, which treat the vendor of personal property who has delivered possession of it to the purchaser, as the owner until payment of the purchase money, cannot be maintained; they are constructively fraudulent as to creditors.

*Error to District Court of Arapahoe County.*

TUFTS, the defendant in error, brought an action in replevin against George, in September, 1875. The declaration was in the *cepit* and *detinet*. Pleas *non cepit* and property in defendant. Issue was joined and the cause submitted to be tried by the court without a jury, on an agreed statement of facts filed, which was as follows:

George v. Tufts.

It is stipulated between the respective parties hereto, that the facts of their case are as follows, and that this suit be tried by the court without a jury upon such statement, that is to say:

First. At the time of the execution of the notes, copies of which are hereto annexed, marked A, B, C, D, E, F, G, H, and I, and which are a part of several of like tenor and date, the plaintiff was a manufacturer of soda fountains, etc.

Second. Previously to the execution of such notes, the firm of Berbower & Walther, druggists and vendors of soda water, entered into negotiations with the plaintiff for the purchase by them from him of the property described in the pleadings herein.

Third. Such negotiations resulted in a conditional sale of such merchandise, upon the terms and conditions contained in the notes aforesaid.

Fourth. The price agreed on was $1,700 (seventeen hundred dollars), that part of such notes were paid, and that the residue thereof, to wit: the notes hereto attached, remain unpaid.

Fifth. After the making of such notes and the delivery of such merchandise thereunder, as aforesaid, the firm of Berbower & Walther was dissolved. The said Berbower sold and conveyed his interest in the firm property to said Walther, and the latter assumed the payment of the debts of the firm.

Sixth. Said Walther continued the business, late of said firm, for a short time, and then executed to the defendant in this action a conveyance of his property, in trust, to sell the same and pay certain creditors named, and who were only a portion of the creditors of said firm, and some of whom were relatives of said Walther, which conveyance is to be put in evidence in this action; that the liabilities to said relatives amounted to about two thousand dollars, and the liabilities to the first National Bank of Denver, the only other creditor provided for in such conveyance, amounted to about five thousand dollars.

Seventh. The defendant herein drew such conveyance at the request of said Walther, and said Walther executed the same,

and no other person whomsoever had any part in the making thereof.

Eighth. At the time of the execution of said instrument, said defendant knew the nature of the contract between the plaintiff and the said Berbower & Walther, and knew that some of said notes were unpaid.

Ninth. Upon the execution of such conveyance to the defendant, he took possession of the property of said Walther, and that he employed one William Town and said Walther, as clerks, to take charge of and to sell and dispose of the same under said defendant's orders.

Tenth. The goods mentioned in the pleadings herein, remained from the time of their delivery to said Berbower & Walther, until they were taken under the proceedings in action, in the same store and in the same situation and condition in every respect.

Eleventh. The present value of the goods replevied in this action is the sum of one thousand dollars.

Twelfth. The amount of principal and interest unpaid on said notes at the date hereof is nine hundred and ninety-six 52-100 dollars.

JAMES W. TUFTS,

By HORNER & HARMON, his Attorneys.

T. GEORGE, Defendant.

The court announced its finding to be in favor of the defendant, and assessed his damages for the detention at one cent. A motion for a new trial was interposed and allowed. The defendant moved for judgment on the finding already had; the motion was denied, and the cause set down for trial, without a jury, and on June 12, 1876, the court entered the following finding and judgment :

"And the court being now sufficiently advised in the premises, it seemeth to the court that the title to the property, goods and chattels in the said plaintiff's writ mentioned, is in the plaintiff. Wherefore, on his motion, it is considered by the court that the said plaintiff do have and retain of and from the

said defendant, possession of the property, goods and chattels in the said plaintiff's writ mentioned, to wit : One arctic apparatus, one tumbler washer and two fountains, being the same property delivered by the said James W. Tufts to Messrs. Berbower & Walther, and lately in their possession in their drug store on Fifteenth street, in the city of Denver, Arapahoe county, Colorado Territory, and his costs by him in this behalf laid out and expended, to be taxed, and have execution therefor."

To reverse this judgment the defendant prosecutes this writ of error.

Mr. THOMAS GEORGE and Mr. P. W. FAUNTLEROY, for plaintiff in error.

Mr. J. W. HORNER, for defendant in error.

ELBERT, C. J.   Where a cause is heard on an agreed state of facts, no exception to the judgment is necessary.   *Clayton v. Smith*, 1 Col. 95.

The agreement of Tufts with Berbower and Walther, that the title to the property sold and delivered to them should remain in Tufts until payment of the purchase-money, was void as to creditors.   Tufts, if desirous of preserving a lien on the property sold, should have complied with the provisions of the Chattel Mortgage Act then in force.   R. S. 102.

Secret liens, which treat the vendor of personal property who has delivered possession of it to the purchaser as the owner until the payment of the purchase-money, cannot be maintained.   They are constructively fraudulent as to creditors, and the property, so far as their rights are concerned, is considered as belonging to the purchaser holding the possession.   This is the doctrine of the Supreme Court of Illinois under a similar statute.   *Murch* v. *Wright*, 46 Ill. 488; *McCormick* v. *Hadden*, 37 Ill. 360; *Ketcher* v. *Watson*, 24 Ill. 59; *Henry et al.* v. *R. I. Locomotive Works*, 3 Otto, 672.

Nor does notice of the lien affect the right of creditors. *Frank* v. *Miner*, 50 Ill. 445; *Porter* v. *Dement*, 35 Ill. 479.

The judgment of the court below on the agreed facts should have been for the plaintiff in error. The judgment is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

*Reversed.*