NELSON N. BOYDSON v. CHARLES H. GOODRICH.

*Chattel mortgage—Foreign record not notice—Good faith—Precedents.*

Where chattels are mortgaged in another State and left in the mortagor's possession, and he brings them into Michigan, the record of the mortgage in the other State is not notice to purchasers.

Where a valuable consideration is paid for goods the fact that it is much below their value is not conclusive against the purchaser's good faith.

Where a case came up on questions reserved, according to the early practice in the Supreme Court of Michigan, a deliberate ruling upon a point included among them, is treated as authoritative.

Error to Mecosta.   Submitted June 23.   Decided June 27.

REPLEVIN.   Plaintiff brings error.   Affirmed.

*M. Brown* for appellant.   A chattel mortgage made in another State and valid there should be construed according to the laws of that State:   Story Confl. Laws (6th ed.) § 272; and if it could be enforced there it should be enforced in Michigan:   *Kanaga v. Taylor* 7 Ohio St. 134; *Parr v. Brady* 37 N. J. Law 201; *Blystone v. Burgett* 10 Ind. 28; defendant is in no sense a *bona fide* purchaser of the property in question (*Dewitt v. Perkins* 22 Wisconsin 473; *Anderson v. Nicholas* 28 New York 600; *Kanaga v. Taylor* 7 Ohio State 134) because he had notice of sufficient facts to put him upon inquiry: *Converse v. Blumrich* 14 Mich. 120; the case should have been submitted to the jury. because the facts are of a very suspicious character; *Molitor v. Robinson* 40 Mich. 200; *McLaughlin v. Lange* 42 Mich. 81.

*Frank Dumon* for appellee.   The record in Indiana of a chattel mortgage made in that State is not notice to purchasers in Michigan: *Montgomery v. Wight* 8 Mich 143; *MacCabe v. Blymyer* 9 Phila. (Pa.) 615; *Woodward v. Gates* 9 Vt. 358; *Skiff v. Solace* 23 Vt. 279; *Fall River Iron*

*Works v. Croade* 15 Pick. 17; *Ingraham v. Geyer* 13 Mass. 146 ; Story's Confl. Laws §§ 18, 20 ; *Green v. Van Buskirk* 7 Wall. 139.

GRAVES, C. J. The plaintiff prosecuted replevin for a pair of horses, a wagon and harness, and the property was taken on the writ and delivered to him. All the material facts were expressly agreed upon and the value of the property with interest from the time of caption on the process was admitted to be $433. The defendant announced his waiver of a return and the court directed a verdict in his favor for that amount.

The leading circumstances are as follows :

In May, 1874, the plaintiff and one Benjamin F. Warren were residents of the State of Indiana, of which State the former has continued to be a resident. The property was at that time owned by Warren, and was in Indiana, and he mortgaged it there to the plaintiff, but the possession was left unchanged. The plaintiff, however, caused the mortgage to be recorded according to the laws of that State, and it may be assumed for this case that the effect in Indiana was the same as results here from the filing of a domestic mortgage. In November following the mortgagor removed the property without the plaintiff's knowledge or consent, to this State, and shortly afterwards the defendant met him at Kalamazoo. He had the property with him and was in company with one Augustine. The defendant resided at Big Rapids and was an entire stranger to Warren and his companion. They informed him they wished to sell the property and offered it for $98, although it was worth at least $300 and defendant knew it.

The defendant asked them where the property was from, and they told him that they resided at Warsaw in Indiana and had brought the property from that place; that they were both out of money and owed a bill at the American House in Kalamazoo and desired to sell to obtain money to pay the bill and go home. In reply to his inquiry they stated that there was no incumbrance on the property ; and in

further explanation of their necessities and their willingness to sell at so low a price they said that they started from Warsaw for the lumber woods of North Michigan to obtain work but had been informed that no work was to be obtained there and they were desirous to return home. The defendant then bought the property and paid $98 for it. Warren is irresponsible.

The plaintiff relies on his mortgage given on the property in Indiana, and the defendant claims under his purchase at Kalamazoo, and the case presents the single question whether the mortgage right is entitled to prevail here over the defendant's purchase.

The counsel for plaintiff argues that the rules of State comity are against the defendant and give the foreign transaction preference. But the law seems to be settled otherwise in *Montgomery v. Wight*, 8 Mich. 143. It is suggested that the point was not there necessary to the decision, and that what is said on the subject is a *dictum*. The case came up on questions reserved, and the point was among them, and was deliberately considered. We regard the ruling as authority.

The plaintiff allowed the mortgagor to retain possession and to appear to the world as well authorized to convey an unencumbered title, and no means of information were provided in this State to impeach this appearance. The defendant met him and publicly bought the property, and he not only had no notice of the plaintiff's mortgage but was expressly told by Warren that no encumbrance existed. He paid a valuable consideration and nothing was wanting to give him the rights of a *bona fide* purchaser.

It may be said that the consideration was inadequate, and in one sense that is true. The price was very far below the true value. But the buyer's right in such cases to be protected does not require that he shall have paid the full value. The right to make good bargains is not invaded. It is the making of dishonest ones that the law reprobates. " The question is not whether the consideration be adequate,

but whether it be valuable." *Basset v. Nosworthy*, 2 Lead.
Cas. in Eq. 1.

The facts of the case permitted no other conclusion than
that which was reached by the circuit judge, and I think
the judgment should be affirmed with costs.

The other Justices concurred.