### GEROW v. CASTELLO.

1. A written contract stipulating for a lease of personal property, valued at a fixed sum, with an agreement for monthly payments therefor; the provisions that if the lessee should be in default thereof she would return it or pay interest on the deferred instalments at the owner's option; that the property should not be removed from the premises; and that no agreement of sale should be implied, and that no sale of it should be valid without the owner's receipt, is to be construed as a conditional sale and not a chattel mortgage.
2. The owner can recover such property from a vendee of the purchaser under such contract, having knowledge of the non-compliance with the terms and conditions thereof.

*Appeal from San Juan County Court.*

THE appellant, Philip Gerow, was plaintiff below and brought this action against the appellee, Nellie Castello, to recover the possession of a piano or its value.   The action was tried to the court upon the following agreed statement of facts: "It is stipulated between the respective parties hereto that the facts of this case are as follows, and that this suit be tried by the court without a jury upon such statement; that is to say: (1) That in the town of Silverton, Colo., on the 28th day of April, 1883, one Carrie Fetter, of said town, took into her possession a certain piano, described as an upright, marked 'Lyon & Healy, Chicago, No. 7,279,' and of the value of $300, from

Philip Gerow, the plaintiff, under and by virtue of the following agreement, and the terms and conditions therein, which instrument was by them both duly signed; which agreement is in the words and figures following, to wit:

### " ' LEASE OF PIANO-FORTE.

" ' This is to certify that I, Carrie Fetter, have this day leased of Philip Gerow, of Silverton, San Juan Co., Colo., an upright piano, marked "Lyon & Healy, Chicago, No. 7,279," valued at $300 in United States currency, subject to the following conditions to wit: (1) Fifty dollars ($50) to be paid by me to Philip Gerow on April 28, 1883; and fifty dollars ($50) to be paid on the 28th day of each month thereafter for five (5) months; with interest on regular deferred payments at the rate of one and a half (1½) per cent. per month. (2) And, should I fail to make any of the above payments as specified, I hereby agree to surrender and return said piano-forte to Philip Gerow in as good condition as when received, customary wear and tear by careful usage excepted; provided, that if I am not required to surrender said piano-forte at once, upon a failure to make any payments when due, I agree to pay to said Philip Gerow one and one-half per cent. per month on such deferred payments until paid. (3) And I further agree that said piano-forte shall not be removed from the premises known as "557" (in the town of Silverton, Colorado, now occupied by Carrie Fetter, for any purpose or use whatsoever, removal from danger of fire excepted), without the consent of Philip Gerow. No agreement of sale of said piano-forte is implied, nor shall a sale or purchase of it be deemed valid without a written receipt from said Philip Gerow therefor. In witness whereof I have set my hand, in Silverton, San Juan. Co., Colorado, this 28th day of April, A. D. 1883.

" ' PHILIP GEROW.

" ' CARRIE FETTER.

" ' Witness to Gerow's signature:   THOMAS BROWN.'

" Filing on back of agreement:

" ' No. 21,161. Lease. Philip Gerow to Carrie Fetter. Piano.

" ' *State of Colorado, County of San Juan* — ss.: I hereby certify that this instrument was filed for record in my office at 5:30 o'clock P. M., April 28, 1883, and duly recorded in book 62, page No. 239.

" ' H. B. ADSIT, Recorder.

" ' THOS. BROWN, Deputy.

" ' Fees, $1.50. Paid.'

" (2) That said Carrie Fetter, during her said possession, transferred, sold and turned over said piano to defendant for value, and left the country. (3) That said Carrie Fetter was, on the 1st day of September, 1883, in default of the payments due at said time, the sum of $100 only having been paid on said agreement, the same being the first two payments. (4) That demand was duly made upon the defendant by plaintiff previous to the bringing of this suit, and a refusal by defendant. (5) That no payments of the amounts so in default under said agreement have ever been made to plaintiff. (6) That the defendant, at the time of her purchase, knew of the nature and character of the title which the said Carrie Fetter at the time had to said piano. (7) That by a proper construction of said agreement between the plaintiff and the said Carrie Fetter, and that it was the intention and understanding of said parties, that the said Carrie Fetter would be entitled to a bill of sale to said piano upon the performance by her of the conditions of said agreement."

Messrs. GRAY and FRAZIER, for appellant.

RISING, C. The written contract, executed by Gerow and Fetter, is not a chattel mortgage or a substitute for one. None of the requirements of the law regulating the execution of such instruments were observed in its

execution. *Lucas v. Campbell,* 88 Ill. 447, 450. For this reason the provisions of the chattel mortgage act have no application to this case. The contract shows a conditional sale of the piano therein mentioned. *Murch v. Wright,* 46 Ill. 487; *Lucas v. Campbell,* 88 Ill. 447. Such conditional sale of the piano gave to the vendor the right to maintain an action against said vendee for the recovery of the possession thereof upon her failure to comply with the conditions of such sale; and the question presented for determination is whether such vendor can maintain such action against a purchaser who purchased with the full knowledge of the nature and character of the title which said Fetter had at the time of such purchase. None but *bona fide* purchasers are protected against the claims of any one having an interest in the property adverse to the interest of the vendor, and, if a purchaser purchases with notice of such interest, he is not a *bona fide* purchaser. Wade, Notice, §§ 67, 71; *Ketchum v. Watson,* 24 Ill. 592; *McKee v. Mining Co.* 8 Colo. 392, 395. Appellee having purchased the piano with full knowledge of the nature and character of her vendor's title thereto, and fraudulent conduct in the premises, and of appellant's interest in the property, cannot be held to be a purchaser in good faith, so as to protect her against an action brought by appellant to enforce his rights and to protect his interest therein. The judgment should be reversed.

STALLCUP, C., concurs. DE FRANCE, C., dissenting.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*