Reed, J.,
delivered the opinion of the court.
Appellee sold a safe to one A. M. Wood for $375, $75 to have been paid upon delivery, the balance in deferred payments from time to time, for which Wood made his notes. A written contract was made whereby the title, until full payment, was to remain in appellee, and providing that if the safe should be sold or removed from the possession of Wood without the consent of appellee, it or its agents might take possession of it without legal process, etc. The first payment of $75 was waived for an indefinite time, the notes taken as agreed, the safe marked with the name of Wood, and delivered. No record was made of the agreement, and as far as shown, was unknown to all except the contracting parties. A short time after the purchase, an attachment was sued out against Wood and levied by the appellant (sher *69 iff of the county) upon the safe; judgment was obtained and the safe sold in satisfaction. An action of replevin was brought by appellee. A trial had to the court resulting in a judgment for appellee for $880.
The judgment cannot be sustained. The secret contract, as between the parties, was good, but was void as to creditors. Appellee had invested Wood with the possession and all indicia of ownership. It was not a bailment, but a sale subject to defeasance upon a subsequent condition, an arrangement only known to the parties themselves. A party who, by his own acts, places another in the ostensible position of owner, should be estopped to deny such ownership. Private transactions of this character are not favored, and are opposed to public policy.
. The case of George v. Tufts, 5 Colo. 162, appears to be conclusive of this case. It is there said, “ Secret liens, which treat the vendor of personal property who has delivered possession of it to the purchaser as the owner until the payment of the purchase money, cannot be maintained. They are constructively fraudulent as to creditors, and the property, so far as their rights are concerned, is considered as belonging to the purchaser holding the possession.” Under statutes of the state of Illinois very similar in character, it has been frequently held that contracts of this character were void against creditors: Jennings v. Gray, 18 Ill. 610; Ketchum v. Watson, 24 Ill. 591; McCormick v. Hadden, 87 Ill. 370; Murch v. Wright, 46 Ill. 487.
The property being in the possession of Wood as owner, it was, under the authorities, subject to the debts of Wood.
The judgment must be reversed and cause remanded.

Heversed.