ALEX. SANGER V. JESSE FRENCH PIANO AND ORGAN COMPANY.

Decided June 3, 1899.

1. Evidence—Hearsay—Statements of Vendor.

Statements of a vendor affecting the title to property sold by him, made to another after he has parted with the title and possession, are hearsay, and can not be received for any purpose against his vendee.

2. Same—Purchase Money Notes Retaining Title.

Notes given by one through whom a defendant deraigns title as evidence of indebtedness for the purchase price of the property and of the title having been retained by the vendor, are inadmissible in a suit against a subsequent purchaser of the property, where their execution has not been proved, except by hearsay, and the maker is not a party to the suit.

3. Innocent Purchaser—Conditional Sale—Removal to and Registry in Another State.

A contract of conditional purchase and the sale of property by which the vendor retains title until payment of the price, and to be performed in a State in which record of such contracts is not required, will not be enforced as against a purchaser in good faith and for value of the property in another State, to which it has been removed and in which the contract has not been recorded as required by the statutes of that State, although the removal was without the knowledge of the vendor, where there was no stipulation in the contract against removal of the property from the State in which the sale was made.

4. Same—Credit on Pre-existing Debt Not Payment.

A purchaser of goods without notice that they were sold to his vendor upon condition that the title remain in the original seller, will be protected as to that part of the price paid by him in money, but not as to a part thereof credited in satisfaction of a pre-existing debt due him by his vendor.

APPEAL from the County Court of Dallas. Tried below before Hon. KENNETH FOREE.

*U. F. Short* and *O. N. Brown,* for appellee.

*Victor H. Hexter,* for appellant.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the County Court of Dallas County on February 16, 1897, by the defendant in error to recover of the plaintiff in error the value of one Starr piano, alleged to have been of the value of $400. Plaintiff in error filed his answer on March 1, 1897, claiming to be a purchaser of said piano for a valuable consideration, and without notice of the lien claimed by the defendant in error. On December 13, 1898, the cause was tried and special issues submitted to the jury, and thereafter, on December 29, 1898, the court rendered judgment for defendant in error for the sum of $200. A motion for new trial having been overruled, plaintiff in error in open court excepted to the action of the court, and has duly prosecuted an appeal to this court.

Plaintiff in error's first, second, and fourth assignments of error are grouped together, and under them plaintiff in error presents the following proposition: "The declarations or admissions of a vendor which

would impeach the title of the vendee made after the sale of the property are not admissible in evidence as against such vendee."

The piano in controversy was purchased by Sanger on August 26, 1896. Truesdale, a witness for plaintiff, was permitted to testify over the objection of defendant, Sanger, that he "had an interview with Mrs. Fannie E. Meyer with respect to the execution of these notes. I told her that these notes had been sent to me from St. Louis for collection. I presented them to her, and the first time I called she said she would come down and make a payment. I showed her the notes when I went to see her and subsequently she said she would not pay them, and said I could not bluff her into paying them." These conversations took place in September after Sanger purchased. The notes were dated December 11, 1894, and purported to be signed by Fannie E. Meyer, and were payable to plaintiff, Jesse French Piano Company, at Pine Bluff, Ark., as part of purchase money for one Starr piano No. 11710, that day conditionally sold by said company to Fannie Meyer, and expressly stipulated that the title to said piano should remain in said company until fully paid for.

This suit is by the piano company and against Sanger to recover the value of the piano. Mrs. Meyer is not a party to the suit.

It has been held that the statements and declarations of a vendor affecting the title to property sold by him, made after he has parted with the title and possession of the property, can not be received for any purpose against his vendee. Thompson v. Herring, 27 Texas, 282; O'Brien v. Hilburn, 22 Texas, 617; Schmick v. Noel, 64 Texas, 406; Hamburg v. Wood, 66 Texas, 168; Beville v. Jones, 74 Texas, 151; Pierce v. Wimberly, 78 Texas, 187; Smith v. Gillum, 80 Texas, 120.

At the time the witness Truesdale had these conversations with Mrs. Meyer, Sanger was not present. There was no other evidence of the execution of the notes by her, retaining the title, than her admissions as testified to by Truesdale. This testimony was hearsay and was not admissible.

Plaintiff in error's third assignment of error complains of the action of the court in admitting in evidence the notes of Fannie E. Meyer because the execution of the same had not been proven. The suit was not based upon the notes. Mrs. Meyer was not a party to the suit. The evidence tending to support the execution of these notes was hearsay and not admissible. The third assignment of error is well taken.

Plaintiff in error in his seventh assignment of error contends that the court erred in rendering judgment for the plaintiff, because the evidence and special finding of the jury showed that the defendant was a bona fide purchaser for value of the piano sued for, without notice of plaintiff's claim.

The piano was sold by the Jesse French Piano Company to Mrs. Fannie E. Meyer on the 7th day of December, 1894, the vendor taking in part payment therefor thirty notes for the sum of $10 each, payable monthly, beginning with May, 1895. This sale was made upon the con-

dition that the piano should remain the property of defendant in error until the notes given for its purchase were paid. The contract was made and was to be performed in the State of Arkansas, where the purchaser resided. Under the laws of that State the right of property remained in the seller without the necessity of recording the contract of sale or notes given for the purchase money. After the purchase of the said piano Fannie E. Meyer removed with it to the State of Texas, without the knowledge or consent of defendant in error. After her arrival in the State of Texas she borrowed from the plaintiff in error in the month of March, 1896, the sum of $25, and afterwards, in the month of May, she borrowed the further sum of $50. In the month of August, 1896, plaintiff in error purchased said piano of Fannie E. Meyer, paying therefor the sum of $100 in cash and canceling the account for money lent, amounting to $75. At the time plaintiff in error became the purchaser of said piano he had no knowledge of the contract made between the defendant in error and Fannie E. Meyer under which she became the purchaser of said piano, and no knowledge that the said Fannie E. Meyer was indebted to the plaintiff on account of said purchase.

The jury found in answer to special issues that at the time of defendant's purchase neither he nor his agent had knowledge of plaintiff's claim. They further found that he purchased said piano from Mrs. Meyer without notice and for value, and that at the time of such purchase the piano was in Dallas County, Texas.

The undisputed evidence showed that at the time of the purchase by defendant the Jesse French Piano Company had not filed its notes or contract with the county clerk of Dallas County, Texas, as provided by the registry laws governing the recording of chattel mortgages in this State. Sayles' Civ. Stats., arts. 3327, 3328.

By article 3327 it is provided, "that all reservations of the title to or property in chattels as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages."

By article 3328 it is provided, "that every chattel mortgage * * * which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged * * * by such instrument shall be absolutely void as against creditors of the mortgagor or person making the same and as against subsequent purchasers * * * in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at that time be a resident," etc.

This statute is given effect by the courts of this State, and it is held that all reservations of title to chattels as security for the purchase

money when the possession is delivered to the vendee, are held void as to innocent purchasers unless the reservation is in writing and filed for record as a chattel mortgage.

The contract of conditional sale between the piano company and Mrs. Meyer was valid in the State of Arkansas, where it was made and to be performed. The statutes of the State of Arkansas do not require that such a contract should be recorded. It is held in that State that such a contract will be enforced against an innocent purchaser of the property for value. McIntosh & Beam v. Hill, 47 Ark., 364.

The contention of the appellee is that the contract, being valid and enforceable in Arkansas, where it was made and to be performed, is valid and binding in Texas and should be enforced by the courts of this State.

The contention of appellant is that the contract, being void under the statutes of this State as to innocent purchasers for value by reason of its not having been recorded as a chattel mortgage as required by the statute, should not be enforced as against innocent purchasers by the courts of this State.

We have not been cited to any decision by any of the appellate courts of this State where this exact question has been considered.

In the case of Crosby v. Huston, 1 Texas, 235, it was held that the rule that the nature, validity, obligation, and interpretation of contracts should be determined by the lex loci contractus, is not to be extended to the defeat, over our laws, of rights which accrued under them after the property was found within their jurisdiction. This principle seems to be recognized and given effect in the cases of Weider v. Maddox, 66 Texas, 377, and Fowler v. Bell, 90 Texas, 150.

As a general rule, a contract valid where it is made is valid everywhere, and will be enforced everywhere. Story on Confl. of Laws, sec. 242. But there is an exception to this rule which is as firmly settled as the rule itself, that the law of comity is not permitted to operate within a State to the prejudice of its government, in opposition to its settled policy, or the interests of its citizens. Garland v. Rowan, 2 Smedes & M., 617; 7 Lawson, Rights and Rems., sec. 3715; Mahorner v. Hooe, 9 Smedes & M., 247, same case, 48 Am. Dec., 706; Story on Confl. of Laws, secs. 388-390.

It is laid down by a recognized authority that if a sale on condition that the title shall remain in the vendor until the property is paid for is made in a State where conditional sales are not required to be recorded in order to be valid against third parties, and the property is removed to a State in which such registration is required, the condition is void as to third persons without notice unless recorded according to the laws of the latter State. 6 Am. and Eng. Enc. of Law, 442. This seems to be in harmony with the principle announced in the case of Crosby v. Huston, supra, that the courts of this State will enforce the contract according to the law of the State where it was to be performed, unless to do so would be enforcing a law contrary to the public policy or laws

of this State.    We think the rule announced in the American and English Encyclopedia of Law is correct in principle, and is supported by the weight of the authorities.    Webb, Record of Title, secs. 266, 267.

There are authorities holding that where property, sold conditionally in one State under a valid contract, is removed by the vendee to another State, in which the statute makes the filing of such contracts for record necessary to preserve a lien thereon, the rights of the vendor in such conditional sale will prevail over the rights of a creditor of the vendee who attaches the property in the State to which the property was so removed.    Machine Works v. Long, (N. H.), 31 Atl. Rep., 20.    The court in that case stated that such attaching creditor was not an innocent purchaser for value without notice, and he took only such title as the vendee had, and as he had none the creditor acquired none by the levy of the attachment.    See also Craig v. Williams (Va.), 18 S. E. Rep., 899.

Counsel for defendant in error cites us to the case of Baldwin v. Hill, decided by the Supreme Court of the State of Kansas, 46 Pacific Reporter, 329.    This case seems to support his contention.    The property in controversy in that case was sold conditionally in the State of Indiana. The property was at the time of the sale in the State of Indiana, and by the terms of the contract was to remain there, unless written consent for its removal should be given by the vendors.    Under this contract the court treated the act of the vendee in removing the property to Kansas without the knowledge or consent of the vendors, and his sale in the State of Kansas, the same as if his acts were felonious, and held that his sale conveyed no title.    There was no such condition in the sale of the piano by plaintiffs to Mrs. Meyer.    She did not contract not to remove the piano from the State of Arkansas.

We are of the opinion that the defendant is not entitled to be protected as an innocent purchaser for the full amount shown to have been paid by him for the piano.    The evidence shows, and the jury so found, that he paid $175 for the piano.    Of this sum $75 was a pre-existing debt.    This debt was not a lien upon the piano.    It is held that one who purchases at a voluntary sale and credits the amount of the consideration on a pre-existing debt is not an innocent purchaser as to the amount so paid.    Overstreet v. Manning, 67 Texas, 657.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*