7833

ADAMS v. FELLERS.

CHATTEL MORTGAGE—BAILOR AND BAILEE—CONFLICT OF LAWS.—Where a
machine situate in the State of Georgia is rented by written contract
to a resident of that State by a citizen of that State, under verbal
agreement not to be moved out of the State, and the contract not
recorded, the law of Georgia not requiring such record, but prohibit-
ing the removal of the machine from that State, the owner is entitled
to recover the machine from one holding it under a deed here, to which
State the bailee had removed the machine, the owner having acted as
soon as he learned where the machine was.

Before WILSON, J., Greenwood, —————. Reversed.

Action by Worley Adams against G. K. Fellers.   Plain-
tiff appeals.

*Mr. Geo. T. Magill,* for appellant, cites: *The law of
Georgia does not require a contract between bailor and
bailee to be received:* 36 S. E. R. 426; 27 S. E. R. 183.
*Transfer of property according to the laws of the State
of transfer is binding everywhere:* 7 Wall. 151; 85 S. C.
485, 30; 73 S. C. 140; Wharton on Con. of Laws 1062-4;
75 S. C. 512.

*Mr. D. H. Magill,* contra, cites: *The mortgage in this
State passes title:* 27 S. C. 471; 29 S. C. 460; 45 S. C. 344;
55 S. C. 120; 106 Am. St. R. 153; 22 Sup. Ct. R. 102; 60
S. C. 40; 79 S. C. 281; 75 S. C. 368, 203; Minor Conflict
of Laws, sec. 6; 12 S. W. 913.

March 27, 1911.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   In this action for the recovery of
a motion picture machine in the possession of the defendant,
the Circuit Court, after the testimony had been taken,

directed a verdict for the defendant. The facts in the case, which are undisputed, are these: On April 8, 1910, the plaintiff Adams, who is a resident of Royston, Georgia, entered into a contract in writing at that place with one J. G. Heatherly, who was at that time living at Elberton, Georgia. By that contract plaintiff agreed to rent to Heatherly the motion picture machine which is the subject of this action, receiving in return therefor a stipulated rental. Plaintiff testified that the machine was to be operated at Elberton, Ga.; but at sometime before June 10, 1910, Heatherly without his knowledge or consent removed the property to Greenwood, South Carolina, and on that date entered into a formal copartnership with the defendant Fellers, their purpose being to conduct a motion picture theater in that city. Ten days later Heatherly made a deed to defendant for valuable consideration, covering his one-half interest in the theater, including the property in dispute, and left for parts unknown. On July 2d, Adams learned for the first time that his machine had been removed to South Carolina, and on the 4th came to Greenwood and made formal demand of Fellers for the property. On his refusal to deliver this action was brought.

The Circuit Judge directed a verdict for the defendant, holding that under the undisputed testimony Fellers was a *bona fide* purchaser without notice of plaintiff's interest in the property, and as such he was protected in his title by section 2655, Code of Laws, S. C. which provides: "Every agreement between the vendor and vendee, bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the same shall be null and void as to subsequent creditors or purchasers for valuable consideration without notice unless the same shall be reduced to writing and recorded in the manner now provided by law for the recording of mortgages; but nothing herein contained shall apply to livery stable keepers, inn keepers, or any other persons letting or hiring property for

temporary use, or depositing such property for the purpose of having repairs or work or labor done thereon."

In support of the ruling that this section is applicable to the contract in question, respondent relies on the cases of *Ex parte* Dickinson, 29 S. C. 453, 7 S. E. 593, and *Ludden and Bates* v. *Dusenbury*, 27 S. C. 471, 4 S. E. 60. In *Ex parte* Dickinson, an assignment for the benefit of creditors, executed in New York, containing preferences as to certain creditors, and covering among other property real estate and personalty situated in Lancaster county, South Carolina, was attacked as null and void under the South Carolina statute. The Court upheld this contention, but expressly limited its holding to the point "that a transfer of personal property located in one State, by the owner in the State of his domicile, valid according to the laws of the State, but in violation of the laws of the State where the property was actually located, could not be recognized by the Courts of the latter State." In the case of Ludden & Bates v. Dusenbury, an agreement was entered into in Georgia between the plaintiff and one Franks for the rent of an organ. According to the terms of the contract the organ was shipped from Goldsboro, N. C., to Franks at Bucksville, Horry county, where it remained for some time in the depot. Under these circumstances, never having been delivered to the assignee, it was levied on by his creditors and sold at execution sale to the defendant. The contract was never recorded in this State, as required by section 2655. The Court held that defendant's title was protected under that section. The contract itself contemplated the holding of the property in this State; therefore it fell under the laws of South Carolina, and the owner who had delivered it to Franks could claim protection only by compliance with the registry laws of this State.

The distinction between these cases and the case at bar is obvious. Here the *situs* of the property was in Georgia, where both parties resided, and it was their intention that

it should remain in Georgia. The law of Georgia did not require the contract to be recorded, and, further, did not allow the bailee in such cases to remove the property from within the State without the consent of the bailor. Adams, the plaintiff in this action, did everything required by the law of the State of the residence of both parties to the contract, and where the property was situated, to protect his title, and claimed his property as soon as he had notice of its removal. It seems clear, therefore, that his rights should not be defeated because the bailee, in violation of his contract, and without the bailor's consent, removed the property to another State whose laws are in conflict with the laws of his own State.

In *Ryan* v. *Clanton,* 3 Strob. 411, a purchaser of mortgaged property, removed from Georgia to this State, was protected in his title on other grounds, but on the precise point involved here the Court said: "In the case before us the bills of sale taken in this State have not been registerd; but it has been argued that, as the mortgage was never registered here, the purchaser in this State cannot, under the act of 1843, be affected by it. The mortgage is a contract which was made in Georgia between citizens of that State, to be performed there. It must have validity according to the laws of Georgia, and to them we must look for the formalities to be observed and acts to be done to give it effect—unless it could be show to be a contract which in its nature is injurious to citizens of this State. If a sale made in Georgia, where the sale here was made, would have been affected by the mortgage, then the sale made here is so affected. The registry acts of this State may then be laid out of view."

In *Bank of U. S.* v. *Lee,* 13 Pet. 106, 10 L. Ed. 81, the facts were these: Richard Bland Lee, residing in Virginia, executed there a deed of trust to his wife covering certain slaves, which was duly recorded. Later he removed to Maryland, and three years afterwards executed another deed of

trust covering the same slaves to secure his promissory note
to the Bank of the United States. The first trust deed was
not recorded in Maryland. The Court held that this deed,
vesting the property in Mrs. L.'s trustees, was effectual,
according to the laws of Virginia, to protect the title thereto
against the subsequent purchasers or creditors of R. B. Lee.
Catron, J., used this language: "It is insisted, however, that
when Richard Bland Lee removed into Washington City, the
statute of Maryland operated on the Virginia title of Mrs.
Lee, and defeated it for the benefit of purchasers from her
husband. The statute declares that no goods or chattels
whereof the vendor shall remain in possession, shall pass,
alter or change, or any property thereof be transferred to
any purchaser, etc., unless the same be by writing and
acknowledged before one provincial justice, or one justice
of the county where such seller shall reside, and be within
twenty days recorded in the records of the same county.
The statute has no reference to a case where the title has
been vested by the laws of another State, but operates only
on sales, mortgages and gifts made in Maryland."

The same principle has been applied in the cases cited
below and many others. *DeLane* v. *Moore,* 14 How. 251,
14 L. Ed. 409; *Kanaga* v. *Taylor,* 7 Ohio St. 134, 70 Am.
Dec. 62 and note; *Hornthall* v. *Burwell* (N. C.), 13 S. E.
721; 26 Am. St. 556, 13 L. R. A. 740; *Craig* v. *Williams*
(Va.), 44 Am. St. 934; *Bank* v. *Evans* (Okla.), 60 Pac.
250; *Studebaker* v. *Mau* (Wyo.), 82 Pac. 2.

The rule supported by these cases is thus stated in Whar-
ton on Conflict of Laws, sec. 355b: "The weight of authority
holds, in accordance with the rules relating to chattel mort-
gages, that unless the local law of the latter State with
reference to filing or recording conditional contracts of sale
expressly or by clear implication applies to contracts made
out of the State with reference to property subsequently
brought into the State, it is not necessary to file or record
contracts in that State, unless it was contemplated at the

time of the sale that the property should be removed to such State, in which case, filing or recording seems to be necessary, notwithstanding that the contract of sale was completed in another State."

So far as we can discover, only the Courts of Michigan and Texas hold that a purchaser without notice under such circumstances obtains a good title. *Sanger* v. *Piano Co.,* 21 Tex. Civ. App. 523, 52 S. W. 621. *Boydson* v. *Goodrich,* 12 N. W. 913.

In this case the property was in Georgia, the parties were resident in Georgia, it was contemplated that the property should be used in that State, the law of Georgia did not require that the contract be recorded, and the owner acted promptly in his effort to recover the property as soon as he found that it had been removed from the State. Being without fault in any respect, the owner is entitled to recover the property from the party in possession claiming by purchase from the bailee. We are not called upon to decide what would have been the effect, in this action, of acquiescence by the owner in the possession and use of the property by the bailee in this State after its removal from Georgia.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.