No. 9804.

TURNBULL *v.* COLE.

Decided November 7, 1921.

Action in replevin.  Judgment for plaintiff.

*Affirmed.*

1.  VENDOR AND VENDEE—*Contract—Secret Lien.*  Contracts for the sale of personalty, reserving a secret lien to the vendor, possession being given the purchaser, will not be recognized as leaving title in the vendor as against interested parties without notice.

2.  CONTRACTS—*Public Policy—Comity.*  A contract for the sale of an automobile providing that until the balance of the purchase price is paid the vendor should retain title, though valid in the foreign state where executed, cannot be enforced against interested parties without notice in Colorado, because such action would be contrary to public policy, and result in detriment to the interests of a citizen of this state.

Both these grounds furnish exceptions to the general rule of comity as applied to the enforcement of contracts.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES GINSBERG, Mr. WALTER E. SCHWED, for plaintiff in error.

Messrs. HOWARD & MCCRILLIS, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment in an action to recover an automobile on which he had a chattel mortgage. Plaintiff in error, defendant below, had taken possession of the automobile as agent for one Jones who claimed title under an assignment of a contract of sale, made in Utah, by which one Keightley, as purchaser of the car, agreed

that, until he had paid the balance of the purchase price according to the terms of said contract, the vendor thereof should retain the title to it. It was further stipulated that if the purchaser failed to perform any part of his agreement, as set forth in said contract, or if the vendor, a corporation, should "at any time deem itself insecure," it might take possession of the car and sell it, and apply the proceeds to payment on any balance due on the purchase price, accounting to the purchaser for any excess. But, if the proceeds did not pay such balance, costs of sale, and attorney's fees, the purchaser should still be liable for such balance.

The car was removed from Utah, without the knowledge or consent of the vendor, or of Jones, brought to Colorado, and sold to one Bell, who mortgaged it to Cole to secure a promissory note of $600.

Defendant in error concedes that a conditional sale does not pass title according to the decisions of the courts of Utah. That being so, plaintiff in error contends that, under the rule of comity between states, the courts of this state should give effect to the contract, notwithstanding the fact that in this state such contracts are held to be absolute sales, as against creditors, and purchasers without notice of the vendor's claim of title.

The only question to be determined is as to the correctness of the trial court's action in rejecting said contention.

It is settled in this jurisdiction that contracts like that here under consideration, reserving a secret lien to the vendor, will not be recognized as leaving title in the vendor, as against interested parties without notice. *Weber v. Diebold S. & L. Co.,* 2 Colo. App. 68, 29 Pac. 747; *George v. Tufts,* 5 Colo. 162; *Tufts v. Beach,* 8 Colo. App. 35, 44 Pac. 771; *First Cong. Church v. Grand Rapids Co.,* 15 Colo. App. 46, 60 Pac. 948; *Andrews v. Colorado Savings Bank,* 20 Colo. 313, 36 Pac. 902, 46 Am. St. Rep. 291; *Jones v. Clark,* 20 Colo. 353, 38 Pac. 371; *Clark v. Bright,* 30 Colo. 199, 69 Pac. 506; *Coors v. Reagan,* 44 Colo. 126, 96 Pac.

966; *Puzzle Co. v. Morse Co.,* 24 Colo. App. 74, 131 Pac. 791.

In *Coors v. Reagan, supra,* this court quoted with approval from *Weber v. Diebold Safe Co., supra,* a statement that "transactions of this character are not favored, and are opposed to public policy." We are, therefore, of the opinion that the trial court was right in holding that the contract, though valid in Utah, could not be enforced in this state, because such action would be contrary to public policy, and would result in detriment to the interests of a citizen of this state. Both of these grounds furnish exceptions to the general rule of comity as applied to the enforcement of contracts.

In *Dearing v. McKinnon Co.,* 165 N. Y. 78, 58 N. E. 773, 80 Am. St. Rep. 708, the court, dealing with a mortgage valid in Michigan, and attempted to be enforced in New York, said:

"Judicial comity does not require us to enforce any clause of the instrument, which, even if valid under the *lex domicilii,* conflicts with the policy of our state relating to property within its borders, or impairs the rights or remedies of domestic creditors."

*Boydson v. Goodrich,* 49 Mich. 65, 12 N. W. 913, is to the same effect.

In *Skiff v. Solace,* 23 Vt. 279, the court had under consideration the rights of an attaching creditor to a property which had been mortgaged in New York and moved to Vermont. Of the rule of comity, the court said:

"But such recognition does not take place by any foreign state, when it would be incompatible with its own authority, or prejudicial to the interests of its own subjects."

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE WHITFORD, MR. JUSTICE BAILEY and MR. JUSTICE ALLEN dissent.

MR. JUSTICE ALLEN dissenting:

This is an action in replevin to recover the possession of an automobile. In October, 1918, the property was situated in the state of Utah and owned by the Hyland Motor Company of that state. The Company entered into a conditional sale and title retaining contract, in that state, with respect to the automobile, and in accordance with such contract delivered possession of the car to the conditional vendee, retaining title in itself. It is conceded in the briefs on both sides that the seller could recover the property under its title retaining contract, if the automobile had at all times remained in Utah and all the transactions had occurred only in that state. The courts in Utah follow the rule which is stated in 35 Cyc. 675, as follows:

"A sale of goods on the condition that the property therein shall remain in the seller until the price is paid, in the absence of fraud, is valid against third persons, claiming under the buyer as subsequent purchasers, (or) mortgagees." *Standard Steam Laundry Co. v. Dole*, 22 Utah 311, 61 Pac. 1103; *First Nat. Bank of Evanston v. Bank of Waynesboro*, 262 Fed. 754.

If all the transactions had occurred in the state of Colorado, the mortgagee, having had no notice of the seller's lien or title, would prevail. *Puzzle Co. v. Morse Co.*, 24 Colo. App. 74, 131 Pac. 791.

In view of the conflict between the rule prevailing in Utah and that adopted in Colorado with reference to conditional sales, the question becomes whether the title retaining contract made and valid in Utah is enforcible in Colorado against the mortgagee, plaintiff below, though such conditional sale would be invalid if it had been made in this state. Generally the law of the place where the contract was made will govern. 35 Cyc. 666. In 24 R. C. L. 453, sec. 750, it is said:

"It is generally held that if a conditional sale is valid in the state where made, without recording, but the buyer, without the knowledge or consent of the seller, thereafter removes the property to another state, and there sells it to a bona fide purchaser, the seller may recover the property

in that state, notwithstanding the conditional sale would have been invalid there for want of recording."

In *Studebaker Bros. Co. v. Mau,* 13 Wyo. 358, 80 Pac. 151, 110 Am. St. Rep. 1001, this rule was applied in favor of a conditional vendor of a foreign state (Utah) against a bona fide purchaser of the state of the forum. In *Adams v. Fellers,* 88 S. C. 212, 70 S. E. 722, 35 L. R. A. (N. S.) 385, the same principle was applied in favor of a party, residing in a foreign state, who had rented a motion picture machine, against a bona fide purchaser of such machine. The same rule has been followed in this state by our Court of Appeals in *Harper v. People,* 2 Colo. App. 177, 29 Pac. 1040, reviewed in a note in 64 L. R. A. 833. In that case a conditional sale contract, made and valid in the state of Kansas, was enforced in this state against attaching creditors of the conditional vendee. That case is cited in support of the following statement in Sec. 339, p. 539, Williston on Sales:

"It has been held that if in the jurisdiction where the sale was made it was good against purchasers or creditors of the buyer, the seller's title will prevail against such persons also though they acquire their rights in another state where purchasers and creditors of a conditional buyer are protected."

In *Harper v. People, supra,* the court said:

"It would not be profitable to discuss the reason of the rule, nor to determine whether it ought to be put on the recognized comity existing between the different sovereignties, or on the well settled principle of *lex loci contractus,* which permits the enforcement of a contract according to the established law of the place, so long as it does not contravene the recognized policy of the state of the forum. Both principles are frequently invoked. According to the Mumford case (*Mumford v. Canty,* 50 Ill. 370), the contract will not be deemed to be opposed to the policy of the state unless based upon immoral or criminal considerations. In either case and upon either ground the contract may be upheld."

To repudiate the rule announced in the Harper case and overrule that case, would make and does make the decision in the instant case not only in conflict with the weight of authority on the precise point here presented, but also inconsistent with the great weight of authority on a similar point in the law of chattel mortgages. As to the latter proposition, the following is stated in 11 C. J. 424, sec. 33:

"The great weight of authority is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor."

See also *Flora v. Julesburg Motor Co.*, 69 Colo. 238, 193 Pac. 545. In 24 R. C. L. 453, in connection with the proposition that a conditional vendor may reclaim his property in any state, even though the conditional sale might be invalid in the state of the forum, a note further states that "this is the same rule which is applied in the case of chattel mortgages as to the effect of the removal of the property to another state without the consent of the mortgagee."

The reason why conditional sales, made in this state, are invalid in this state as against third persons is that "they are constructively fraudulent as to creditors" and other third persons. *George v. Tufts*, 5 Colo. 162, 165; *Coors v. Reagan*, 44 Colo. 126, 96 Pac. 966. Another reason appears to be suggested in *Andrews v. Bank*, 20 Colo. 313, 36 Pac. 902, 46 Am. St. Rep. 291, in that such sales are in effect chattel mortgages, "and void as to third parties, because not executed and acknowledged in conformity with the chattel mortgage act." Such contracts are not contrary to public policy as that term is used when refusing to apply the principle of *lex loci contractus* in dealing with foreign contracts. A contract to be contrary to public policy so as not to be enforcible in this state must be one "based on criminal or immoral considerations," as said by our Court

of Appeals in the Harper case.   In 13 C. J. 256, sec. 27, it is said:

"A contract is not necessarily contrary to the public policy of a state merely because it could not validly have been made there; nor is it one to which comity will not be extended merely because the making of such contracts in the place of the forum is prohibited."

See also *International Harvester Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042, 26 L. R. A. (N. S.) 774, 20 Ann. Cas. 614.   It is not disputed, and cannot be, that the foreign contract involved in the instant case is not one "based on criminal or immoral considerations."   Under the authorities above cited, it should be given effect in this state.

I am authorized to state that MR. JUSTICE BAILEY and MR. JUSTICE WHITFORD concur in the views herein expressed.