[No. 4181.]

CLARK V. BRIGHT (BAKER SUBSTITUTED), ASSIGNEE.

1. **Contracts—Conditional Sales—Chattel Mortgages.**

A sale of sheep by written contract wherein it was stipulated that the sheep were to remain the property of the vendor, but the vendee gave his unconditional promissory note for the purchase price, and was authorized by the contract to sell the sheep, he agreeing to promptly pay the proceeds of sale to the vendor, was an absolute and not a conditional sale.

2. **Assignment for Benefit of Creditors—Chattel Mortgages.**

A chattel mortgage not acknowledged and recorded as required by statute is void as against an assignment for the benefit of creditors by the mortgagor.

*Appeal from the District Court of Pueblo County.*

Mr. CHAS. H. TOLL, Mr. D. V. BURNS, Mr. ROBERT COWLES and Mr. L. M. GODDARD, for appellant.

Mr. CHAS. E. GAST and Mr. HENRY A. DUBBS, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The following instruments were executed by W. E. Doyle & Company:

"Pueblo, Oct. 6th, 1897.

In consideration of Fifteen hundred ($1500.00) Dollars, in hand paid by W. E. Doyle & Co. to C. P. Jones, receipt which is hereby acknowledged, the said C. P. Jones agrees to deliver to the said W. E. Doyle & Co. to Ranch of W. E. Doyle & Co. near

Nepesta Station, within twenty days, eighteen hundred and ninety-eight (1898) ewes, for which the said W. E. Doyle & Co. will execute one promissiry note, bearing even date with the agreement, to the order of the said C. P. Jones, for three thousand two hundred and forty-five dollars ($3245.00), with interest at the rate of 8 per cent. per annum from date, it being understood and a part of this agreement that the said eighteen hundred and ninety-eight ewes are to remain the property of C. P. Jones, provided however that said W. E. Doyle & Co. may sell any number of the said sheep at any time, promptly paying the proceeds of said sales on account above mentioned shall amount to at least two $2.25 Dollars each and every sheep sold under this agreement.

C. P. JONES.
W. E. DOYLE & Co."

"$3245.00          Pueblo, Colo., Oct. 6th, 1897.

Eight months after date we promise to pay to the order of C. P. Jones Thirty-two hundred forty-five 00-100 Dollars, at the First National Bank of Pueblo, Colo., with interest at 8 per cent. per annum from date until paid, value received.

W. E. DOYLE & Co."

The note was assigned by Jones to The Mesa Mayo Land and Live Stock Company, and by the company to Mary M. Clark. The contract was not acknowledged nor recorded. After the assignment of Doyle & Company, which occurred during the month of May, 1898, Mary M. Clark filed a petition in the assignment proceedings asking for a judgment against the assignee for the amount due upon the note and for an order directing the assignee to pay the amount due upon the note in full. Objection was made to the granting of the petition, and trial had and judgment rendered in favor of the creditor

against the assignee for the amount due upon the note, but the court refused to allow the claim as a preferred claim. An appeal was taken from the judgment of the court of appeals, and the case was transferred from the court of appeals to this court.

It appeared from the testimony that the sheep mentioned in the instrument above set forth were sold by the assignee, and that the assignee had on hand at the time of the filing of the petition mentioned a sum sufficient to pay the said claim in full.

The only assignment of error we will consider is that concerning the refusal of the court to order the claim paid in full out of the moneys in the hands of the assignee derived from the sale of the sheep mentioned in the contract. The appellant asserts: 1. That the sale mentioned in the contract is a conditional sale. 2. That, assuming the sale to be an absolute one and the contract to be a chattel mortgage, still the contract is valid as a chattel mortgage between the parties. 3. That the assignee takes the title of the assignor burdened with all equities, and can not successfully resist the claim for preference.

A contract very similar to the one under consideration was construed in the case of *Andrews v. Bank,* 20 Colo. 313, and the court held, that "The optional payment of the purchase price is as essential to constitute a transaction a conditional sale as the condition passing the title; and a transaction that in express terms imposes an unconditional liability upon a vendee to pay the purchase price of the property delivered, is essentially and in legal effect an absolute, and not a conditional sale. * * * We are therefore clearly of the opinion that the agreement and notes evidencing the transaction between the intervenors and Smith constituted an absolute sale, and that the attempt to reserve a lien on the property as security for the payment of the purchase

price was void as to third parties, as being in contravention of our chattel mortgage act."

In this case, all the facts essential to constitute the transaction under consideration an absolute sale appear, and we must hold that the instrument offered established an absolute sale from Jones to Doyle & Company of the eighteen hundred and ninety-eight sheep mentioned.

The question as to whether or not the assignee may attack the chattel mortgage depends largely upon the construction to be placed upon our statute. Section 2 of the assignment act, Laws of 1897, p. 94, provides, that the deed of assignment, when recorded, "shall vest in the assignee in trust for the use and benefit of such creditors, all the property of the assignor, excepting only such as is by law not subject to levy and sale under execution; subject, however, to all valid and subsisting liens." When the deed of assignment from Doyle & Company to their assignee was recorded, all the property of Doyle & Company subject to execution became, by the terms of this section, vested in the assignee in trust for the creditors, subject to all valid liens. The assignment act is, in effect, a bankruptcy act. It was passed by our legislature a short time before the congressional act, and its purpose is to enable an insolvent debtor by conveying all his property to an assignee for the benefit of his creditors, to be discharged from his debts. The act, by its terms, authorizes an assignee to recover property conveyed by the assignor in fraud of the act; and the intent of the act appears to be to make the assignee, not the mere representative of the assignor, but the trustee of the assignor and the creditors for the purpose of marshaling the assets of the assignor for *pro rata* distribution among the creditors, returning the surplus, if any, to the assignor. We are therefore of opinion that the as-

signee is a *third person* within the meaning of the chattel mortgage act, which declares that, "No mortgage on personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to and remain with the mortgagee, or the said mortgage shall be acknowledged and recorded, as hereinafter directed." Moreover, the second section of the assignment act provides that the property assigned shall be subject to valid and subsisting liens, and it seems clear that by these words the legislature did not intend to make valid after assignment a mortgage which before the assignment was invalid as against third persons. The case of *Hooven v. Burdette,* 153 Ill. 672, is relied upon by the appellant as supporting her contention that she is entitled to have her claim paid in full from the proceeds of the sale of the sheep mentioned in the mortgage. The case does sustain her position. In fact, all the cases cited from Illinois sustain her position. It is held in Illinois that the assignee is not a purchaser, but a mere volunteer who pays no consideration and has no greater rights than the assignor; that he is not the representative of the creditors, but the agent of the assignor; that the title of the assignee is affected with every infirmity that existed while the property was in the hands of the insolvent; that the assignee takes the property subject to all liens, equities, and incumbrances to which it is liable at the time of making the assignment. *Illinois Assignment Law,* Taber, 29.

But the Illinois statute under which these decisions have been rendered and our assignment law of 1897 are very different. The general scope and purpose of our law is to discharge a debtor from his debts upon complying with the law. The creditors cannot bring suit to recover property fraudulently

conveyed before the assignment, nor can they recover property of the assignor after he asks for a discharge; and instead of being the mere agent of the assignor, as in Illinois, the assignee is the trustee of all the parties, and, in our opinion, is the only person who can take advantage of the law relating to chattel mortgages. It appears to us, therefore, that the instrument mentioned is a chattel mortgage; that, as a chattel mortgage, it is void as against the assignee, and being void against the assignee, the claimant is not entitled to have her claim allowed as a preferred claim against the assigned estate.

For the reasons given, the judgment of the district court is affirmed.

*Affirmed.*