### BURROUGHS ADDING MACH. CO. v. BOGDON.

### In re MUNGER FISH CO.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1925.)

No. 262.

**1. Bankruptcy ⬅151—Trustee occupies position of creditor acquiring lien.**

Under Laws Colo. 1917, p. 126, providing that conveyance of personal property intended as mortgage or lien shall not be valid against third persons, unless possession be retained by mortgagee or seller or the instrument filed for record, trustee, in view of Bankruptcy Act, § 47a (Comp. St. § 9631), occupies position of creditor acquiring lien when bankruptcy petition was filed.

**2. Bankruptcy ⬅140(1)—Purported lease, in reality conditional contract of sale, void as against trustee, where not recorded, under Colorado statute.**

A purported lease, which is in effect a conditional contract of sale retaining title, within meaning of Laws Colo. 1917, p. 126, is void as against trustee in bankruptcy of the purchaser, where possession was not retained by seller, and the instrument was not filed for record at time bankruptcy petition was filed.

**3. Sales ⬅456—Character of conditional sale not changed by calling it a lease.**

A conditional contract for sale of personal property is not changed into a lease by designating instrument as lease, parties as lessor and lessee, and consideration as rentals or rent; the governing consideration being legal effect of instrument as gathered from all its provisions.

**4. Bankruptcy ⬅140(1)—Purported lease of adding machine held conditional sale contract, void as against trustee in bankruptcy, where not recorded.**

Purported lease of adding machine, with right or option to purchase machine on or before termination of term, by paying one monthly payment in addition to full amount of rentals, held conditional contract of sale, required by Laws Colo. 1917, p. 126, to be filed for record, in default of which such contract was void as against trustee in bankruptcy of buyer.

Petition to Revise Order of the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

In the matter of the estate of the Munger Fish Company, bankrupt; A. E. Bogdon, trustee. Petition by the Burroughs Adding Machine Company to revise an order of the District Court, affirming an order of the referee in bankruptcy, which denied an application of petitioner for reclamation of property. Petition to revise dismissed.

F. L. Taylor, of Pueblo, Colo. (George H. Swerer, of Denver, Colo., on the brief), for petitioner.

Ivor O. Wingren, of Denver, Colo., for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLIAMS, District Judge.

STONE, Circuit Judge. Petition to revise an order of the District Court affirming an order of the referee in bankruptcy which denied an application of reclamation to have the trustee return to this petitioner an adding machine.

This machine came into possession of the bankrupt through a so-called "machine lease." At the time of the bankruptcy, all of the payments under the above instrument had not been made. The contention of the petitioner is that this instrument was a lease of the machine. The contention of the trustee is that it was a conditional sale and, because it was not filed for record, in accordance with the laws of Colorado, at the time the bankruptcy petition was filed, he is entitled to retain and dispose of the machine as a part of the estate.

[1, 2] The statutes of Colorado (Session Laws 1917, c. 43, § 17) provide that no conveyance "of personal property intended by the parties to have the effect of a mortgage or lien upon such property" shall be valid against third persons unless possession be retained by the mortgagee or seller or the instrument be filed for record. Under the Bankruptcy Act (Comp. St. §§ 9585–9656) the trustee occupies the position of a creditor acquiring a lien when the bankruptcy petition was filed (section 47a as amended; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 36 S. Ct. 50, 60 L. Ed. 275; Collier on Bankruptcy [13th Ed.] p. 1053 et seq.), and "third person," under the Colorado statute, includes an assignee for the benefit of creditors in accordance with a state statute which was, "in effect, a bankruptcy act" (Clark v. Bright, 30 Colo. 199, 202, 69 P. 506). Therefore, if the instrument here involved is not a lease but is one having the effect of a mortgage or a lien, within the meaning of the state statute, it is void as against the trustee, because neither possession was retained nor retaken by the mortgagee nor was the instrument filed for record at the time the bankruptcy petition was filed and such possession came to the trustee. If the contract here is a conditional sale, then it had, under the Colorado decisions (which govern in this character of question, Bryant v. Swofford, 214 U. S. 279, 290, 291, 29 S. Ct. 614, 53 L. Ed. 997) the effect of a mortgage or lien within the

meaning of the above state statute (Turnbull v. Cole, 70 Colo. 364, 201 P. 887, 25 A. L. R. 1149; Coors v. Reagan, 44 Colo. 126, 132, 96 P. 966; Andrews v. Colo. Savings Bank, 20 Colo. 313, 36 P. 902, 46 Am. St. Rep. 291; George v. Tufts, 5 Colo. 162; also see Weber v. Diebold S. & L. Co., 2 Colo. App. 68, 29 P. 747). Therefore, the sole question presented by this petition to revise is whether this instrument was a lease or was a contract of conditional sale.

The instrument is as follows:

"Machine Lease (Signed in Duplicate).

"General Adding Machine Exchange Division of Burroughs Adding Machine Company.

"City Denver, County Denver, Colo.
"Date Dec. 16, 1922.

"C. J. Keebler, Salesman.

"This lease is subject to the approval of the General Adding Machine Exchange Division of Burroughs Adding Machine Company.

"Accepted Dec. 30, 1922
"By E. W. Channer
"Ship to Name Munger Fish Co.
"Address 1536 Blake St.
"Ship via Express.

"This lease, made this 16th day of Dec., A. D. 1922, between the General Adding Machine Exchange (Division of Burroughs Adding Machine Company, a Missouri corporation, lessor, and Munger Fish Co., of Denver, Colorado, as lessee,

"Witnesseth: That the said lessor for and in consideration of the rentals hereinafter agreed to be paid and the covenants hereinafter contained, to be kept by the said lessee, has this day leased to said lessee for a period ending Nov. 1, A. D. 1923, the following secondhand adding machines, to wit:

| Style of Machine | Quantity of Machines | Optional Features | Electric Specifications Current Volts Cycles | | | Serial Number | Stand |
|---|---|---|---|---|---|---|---|
| One | 6703 | Second Hand | ac. | 110 | 60 | Machine Motor Machine Motor | G |

Cash with Agreement $75.00

"Said lessee shall pay as rental for said leased adding machines during the term of this lease the full sum of $424.97 in monthly installments of $47.22 each, on the first day of each month during the term of this lease, the first payment to be made on the first day of March, A. D. 1923.

"In case of the lessee's failure to pay the rental as herein provided or any part thereof as the same becomes due or of other default on the part of the lessee hereunder, or if the lessee shall be adjudicated a bankrupt or a receiver be appointed for the lessee's business or if the lessee shall make an assignment for the benefit of creditors, the company, its successors and assigns, may and shall have the right, without being guilty of any trespass or tort and without thereby rendering itself or themselves liable to refund any sums received by it or them, as aforesaid, to enter any building, or place where said adding machine may be and take possession thereof and remove the same. Upon the company, its successors and assigns, taking possession of said adding machines as set forth in this paragraph, all the lessee's right and interest with respect to said adding machines shall cease.

"The lessee agrees that until the full payment of the said rent as aforesaid, the lessee will not injure, sell, dispose of, mortgage, relet, or in any wise incumber the said adding machines or remove same from Denver and that in case of failure to pay said rent or to observe the covenants hereof, the lessee will on demand return the said adding machines to the company, its successors and assigns.

"The lessee agrees that the lessee will carefully keep the said adding machines fully insured for the benefit of the company against loss or damage by fire or theft and will pay any and all taxes thereon.

"Until the lessee fails to make payments of rent as herein provided as the same become due, or has made other default hereunder, it is understood and agreed that the lessee shall have the possession of said adding machines and the right to use the same in the ordinary course of the lessee's business.

"It is hereby further agreed that said lessee shall have the right of option to purchase said leased adding machines upon the termination of this, or at any time prior thereto, by paying to said lessor the sum of $47.22 in addition to the full amount of rentals hereinbefore agreed to be paid.

"Moneys accepted by the company after the term of this lease shall be considered only as payments of arrearage hereon and the possession of the above adding machines shall thereafter be only at the will and pleasure of the company.

"[Sign here] Munger Fish Co., Inc., by J. E. Munger, Tile Secy. & Treas.

"Name of Corporation or Copartnership.

Party signing original lease for firms or corporations should place his name and title following the word 'by.' Please make all remittances payable to the General Adding Machine Exchange.".

[3, 4] The instrument is obviously intended to convey the impression that it is a lease. It is designated "a machine lease" and the words "lease," "lessor," "lessee," "rentals," and "rent" are frequently employed therein. While the use of these terms has an undoubted weight in determining the character of the instrument, it is not controlling. The governing consideration is the legal effect of the instrument as gathered from all of its provisions (Corbett v. Riddle, 209 F. 811, 126 C. C. A. 535, 4th Circuit; Andrews v. Colo. Savings Bank, 20 Colo. 313, 36 P. 902, 46 Am. St. Rep. 291). The substance of this instrument is as follows:

It was executed December 16, 1922, and became effective by acceptance of the petitioner December 30, 1922. It provided for the possession and use in the bankrupt of the machine for a period ending November 1, 1923. $75 was paid upon execution of the agreement and $424.97 was to be paid during the above term in monthly installments of $47.22 each on the first day of the month beginning March 1, 1923. Upon default of any such payments there was a right of repossession. The bankrupt was to pay taxes and keep the machine insured for the benefit of petitioner. One provision of the instrument is that:

"It is hereby further agreed that said lessee shall have the right of option to purchase said leased adding machines upon the termination of this, or at any time prior thereto, by paying to said lessor the sum of $47.22 in addition to the full amount of rentals hereinbefore agreed to be paid."

This quotation reveals that the machine was valued at the total of the initial payment ($75), the entire "rental" ($424.97) and an additional payment of $47.22, or $547.19 in all. The right to purchase at any time during the "lease" by paying this total sum is expressly given and the initial payment plus the monthly "rentals" covers the entire cost price of the machine except the final payment of $47.22, which is the same in amount as a single monthly payment. The practical effect of these provisions is that the "lessee" on payment of seventy-five dollars secures the right to purchase the machine either on a monthly payment basis, or at any time before November 2, 1923, by payment of the balance of an entire stated purchase price. There is no absolute sale because he is not obligated by the contract to pay the entire sum but he does start out with a substantial advance payment and obligates himself to continue such monthly payments until the purchase price is practically all paid within a period of slightly more than ten months. The final payment, which is nominally the purchase price, is so small in comparison with the entire purchase price as to leave no real choice to the "lessee." The obvious purpose was to dispose of the machine under such conditions that when the "lessee" had paid the "rental" he could not afford to fail the relatively small final payment to obtain it. This would have been the obvious and natural, if not the inevitable, result. Evidently it was what the parties desired and intended to accomplish.

Another significant provision is that:

"The lessee agrees that until the full payment of the said rent as aforesaid, the lessee will not injure, sell, dispose of, mortgage, relet, or in any wise incumber the said adding machines or remove same from Denver."

To "sell, dispose of, mortgage, * * * or in any wise incumber" are acts of ownership not of tenancy. They are inconsistent with and opposed to a leasing of this character of property. The statement concerning them would, in a legal sense, be pure surplusage except for the significant limitation of this inhibition contained in 'the words "until the full payment of the said rent"— not until the full payment of the purchase price. The natural and proper inference and construction of this language is that when the full rental had been paid, the "lessee" could incumber or sell the machine.

This matter was presented to the referee and court on no evidence except the above instrument, therefore, it may be that there is an explanation for the rather unusual amounts ($424.97 and $47.22) expressed as the total "rental" and the final purchase price. The exactness of each suggests strongly that in reaching them some other total figure (a purchase price) was in mind or that interest on deferred payments may have been involved. The total sale price of $547.19 suggests a possible slight departure from a natural figure of $550. The speculative character of these last observations does not dispel the entirely natural scrutiny of such amounts.

The whole instrument shows a careful, studied attempt to give it the form and appearance of a lease; but the obvious purpose and the natural effect thereof is to

consummate a conditional sale. We think the referee and the trial court properly defined the transaction to be such and correctly applied the law to such character of transaction.

Therefore, the petition to revise should be and is dismissed.