## FARMERS' STATE BANK OF POLK, NEB., v. BENSTON.

Circuit Court of Appeals, Eighth Circuit. December 17, 1928.

No. 8092.

John Tongue, of Stromsburg, Neb., for appellant.

Raymond L. Sauter, of Sterling, Colo., for appellee.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. The Farmers' State Bank appeals from an order of the District Court, which affirmed a referee in a decision that the bank was not entitled to a one-third interest in a farm crop and that it be retained by the trustee in bankruptcy.

The crop was grown by L. C. Hoover on a farm in Phillips county, Colo., pursuant to a lease he had from the bank. By an exchange of letters in May, 1926, these parties agreed as terms of the lease that Hoover should retain one-third of the crop and deliver one-third as rent and the remaining third for application on a debt he owed to the bank. But by their formal contract of September 18, 1926, these terms were varied by the provision that two-thirds of the crop were to be delivered as rent.

Hoover filed a voluntary petition in bankruptcy on January 19, 1927, and was adjudged a bankrupt on the following day. The contract was filed for record on February 27, 1927.

The bank filed with the referee a proof of claim, consisting of a note of Hoover for $2,623.46 and interest, reciting that it held the lease and that the consideration for it was "two-thirds of all crops, to be delivered to market free of expense to us, of which one-third is to apply as rent and one-third by supplemental agreement is to be applied on the attached note."

The contract in providing for the delivery of two-thirds of the crop as rent was a mutual mistake, as the parties concededly intended to agree that one-third was to be rendered as rent and one-third for application on the debt. The rent was paid by the trustee who had taken over the crop, but he retained the portion in dispute, and the award of it to him is the subject of this appeal.

The District Judge, in his opinion on review, cited the ruling in the case of Underhill v. Allis-Chalmers Co. (C. C. A.) 15 F. (2d) 181, and with reference to the contract said in part: "It is not a lien, however, as it was not recorded until after bankruptcy. It was therefore nothing more than an assignment of one-third interest in the crop, to secure an antecedent debt, made within four months of bankruptcy * * *. Even if the lease had been executed more than four months before bankruptcy, it could not operate as a lien upon the crops to secure an antecedent debt, unless, as stated, it complied with the chattel mortgage act of Colorado. See Burroughs Adding Machine Co. v. Bogdon [C. C. A.] 9 F.(2d) 54. It follows that in accordance with the Underhill Case supra the bank was entitled to one-third of the crop as rent. The balance is an asset of the estate."

We agree with this disposition of the controversy for reasons which may be briefly stated.

It was held in the Underhill Case that where, by a lease, the landlord was to receive a share of the crop, the parties were tenants in common of the crop, and his share did not inure to a trustee is bankruptcy. The analogy of the cases is wanting and the ruling is inapplicable, as here by the contract the disputed crop interest was to discharge pro tanto an independent debt to the bank.

The necessary implication from the contract is that Hoover owned this portion of the crop. True, all of it was to be applied on the debt. But his title cannot be doubted, when it is considered the property belonged to him because he produced it, the bank would have had no claim upon it if he had otherwise paid the debt, and the rent was payable from another portion of the crop.

Hoover must, therefore, be regarded as having secured the debt with a crop interest he owned, and this was essentially equivalent to a mortgage, which, in Colorado, consists of a lien or security. 41 C. J. 279.

The trustee was entitled to attack the contract, as he was vested with the rights, remedies, and powers of a lien creditor from the date of bankruptcy. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Burroughs Adding Machine Co. v. Bogdon (C. C. A.) 9 F.(2d) 54. Consequently, he was authorized to defend his possession of the property and its proceeds, on the ground that the contract was invalid, because it had not then been filed for record. By the controlling state law of Colorado, it was invalid against third persons in the absence of possession by the bank or the filing of the instrument for record. Bryant v. Swofford Bros., 214 U. S. 279, 29 S. Ct. 614, 53 L. Ed. 997; Burroughs Adding Machine Co. v. Bogdon, supra. See Albert Pick & Co. v. Wilson (C. C. A.) 19 F.(2d) 18.

The order of the District Court should be, and it is, affirmed.