### In re CLEMENTS.
### H. C. RHODES BAKERY EQUIP-MENT CO.
### v.
### LEACH.
### No. 14408.

United States District Court
D. Colorado.
April 15, 1954.

Eugene H. Tepley, Denver, Colo., for petitioner, George Emil Clements.

Louis P. Erny, Denver, Colo., for petitioner for review, H. C. Rhodes Bakery Equipment Co.

Royal J. Leach, pro se.

KNOUS, District Judge.

Upon the basis that under the law of Colorado a conditional sales contract between the bankrupt and the petitioner H. C. Rhodes Bakery Equipment Company, although duly recorded but not acknowledged in conformity with section 1, chapter 32, Colorado Statutes Annotated 1935, was insufficient to establish a secured claim, the referee denied petitioner's claim as being secured, but allowed it as an unsecured claim. Herein the petitioner seeks the reversal of the order denying it the status of a secured claimant.

Section 20, chapter 32, Colorado Statutes Annotated 1935, gives the effect of a chattel mortgage to "all bills of sale,

deeds of trust and other conveyances of personal property intended by the parties to have the effect of a mortgage or lien upon such property."

 The following pronouncement made by the Colorado Supreme Court in J. D. Best & Co. v. Wolf Co., 67 Colo. 42, 185 P. 371, 373, 29 A.L.R. 899, is decisive of the law applicable to the question certified herein:

"A chattel mortgage, where possession is not delivered, is a creature of the statute, and, being in derogation of the statute of frauds and the common law, the statute must be strictly construed and substantially complied with, and, if not acknowledged in substantial compliance with the statute, does not affect the rights of creditors or third parties, though recorded."

Under the law of Colorado such "third parties" includes the trustee in bankruptcy and the attendant relative rights become fixed when the bankruptcy petition is filed. Burroughs Adding Machine Co. v. Bogdon, 8 Cir., 9 F.2d 54. The contract in concern was dated April 15, 1952, and recorded (the exact day not appearing) some time during the following month. The petition in bankruptcy was filed on July 21, 1952. On that date the chattels covered by the contract were in possession of the bankrupt. The relative rights of the parties thus accrued and became fixed in 1952. Accordingly, chapter 59, S.L.1953, p. 186, amending original section 1, chapter 32, Colorado Statutes Annotated 1935, supra, may not be considered in the resolution of the question certified since such amendment by its terms did not become effective until March 31, 1953.

The pertinent Colorado rule was further reiterated in Illinois Building Co. v. Patterson, 91 Colo. 391, 15 P.2d 699, wherein a recorded, but unacknowledged lease, found to be equivalent to a conditional sales agreement, was held not to import constructive notice to a creditor who acquired possession of the property under a landlord's lien prior to the taking of possession by the seller under his conditional sales contract.

The Court is satisfied that the petitioner misconstrues the basis and effect of the decision in Jones v. Clark, 20 Colo. 353, 38 P. 371, upon which it places reliance. Therein it simply was held that a conditional sales agreement of chattels was valid as against those who purchased the same with *notice of the condition* and creditors who become such with *knowledge of the vendor's rights*. Patently, as appears from the recital of facts there at page 354 of 20 Colo., at page 371 of 38 P., the "notice" and "knowledge" to the creditor involved was actual and personal and the decision was based on that premise. Herein there is no showing whatsoever that the trustee or any creditor had actual notice of petitioner's contract. Hence this decision is not in point. Accordingly, it is

Ordered that the order of the referee, dated the 9th day of December, 1953, be and the same is hereby affirmed.