## No. 10758

### GULF REFINING CO. v. McCANLESS *ET AL.*

#### (109 S. E. 801)

1. BAILMENT—RENTING OR HIRING OF PROPERTY FOR "TEMPORARY USE" WITHIN STATUTE AS TO RECORDATION OF AGREEMENT DEFINED. —The renting or hiring of property for "temporary use" within Civ. Code 1912, § 3740, requiring agreements between bailor and bailee to be in writing, and to be recorded in same manner as chattel mortgages, and providing that the requirement shall not apply to "persons renting or hiring property for temporary use," is a renting or hiring of property for such length of time as is not reasonably calculated to mislead subsequent creditors and purchasers into the belief that the person in possession is the owner; the word "temporary" not being used in contradistinction to the word "permanent."

2. ·JUDICIAL SALES—RULE OF CAVEAT EMPTOR PREVAILS IN SALE OF PROP-
ERTY UNDER COMPULSORY PROCESS.—Where property is sold under
compulsory process to raise money to pay debts, the rule of caveat
emptor prevails, and the officer sells and the purchaser buys only
the interest which the debtor has in the property.

Before TOWNSEND, J., Richland, July, 1920.    Reversed.

Action by Gulf Refining Co. against W. J. McCanless and
Thos. J. Leathley.    Verdict for defendants and plaintiff
appeals.

*Messrs. Andrew J. Bethea* and *Graydon & Graydon* for
appellant, cite:  *Provisions of Sec. 3740, 1 Civ. Code 1912,
do not apply to property rented for temporary use*:    109 S.
C. 312.

*Messrs. Claude N. Sapp* and *E. J. Best* for respondents.
No citations.

Dec. 6th, 1921.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an action to recover the possession of a gasoline
tank and piping; and the appeal involves the construction
of Section 3740, Code of Laws 1912, which is as follows:

"Every agreement between the vendor and vendee, bailor
or bailee, of personal property, whereby the vendor or bailor
shall reserve to himself any interest in the same, shall be
null and void as to subsequent creditors (whether lien cred-
itors or simple contract creditors) or purchasers for valu-
able consideration without notice, unless the same be re-
duced to writing and recorded in the manner now provided
by law for the recording of mortgages; but nothing herein
contained shall apply to livery stable keepers, inn keepers,
or any other persons, letting or hiring property for tem-
porary use or for agricultural purposes, or depositing such
property for the purpose of repairs or work or labor done
thereon, or as a pledge or collateral to any loan."

The allegations of the complaint material to the questions raised by the exceptions are as follows:

"That on or about the 15th day of March, 1917, plaintiff entered into an agreement with Motor Accessory Company of the city of Columbia whereby plaintiff, at the request of said Motor Accessory Company, and because said Motor Accessory Company was purchasing gasoline from plaintiff, and agreed to continue so to do, and in further consideration of an annual rental of $1, installed on the street in front of the premises occupied by said Motor Accessory Company at 1205 Lady street one gasoline storage tank with the necessary piping by permission of said city of Columbia, and also by permission of the owner of the premises occupied by said Motor Accessory Company; that in and by said agreement it was understood that the Motor Accessory Company would not incumber or remove said equipment, or do or suffer to be done anything where said equipment, or any part thereof, should be seized, taken in execution, attached, destroyed, or damaged, or by which the title of the plaintiff to same might in any way be disturbed or prejudiced. It was further stipulated in said agreement that upon the sale or any disposition of the premises by said Motor Accessory Company, or at the end of one year, said agreement should terminate, and plaintiff should have the right to enter upon the said premises and remove said equipment and every part thereof."

The defendants denied the allegations of the complaint and alleged by way of defense that on or about the 28th day of November, 1919, they purchased at a public sale which was made pursuant to an order of the Court in a bankruptcy proceeding all the goods and chattels of the Motor Accessory Company, including the said gasoline tank and piping, without notice of the plaintiff's title to the property.

The defendants were not creditors of the Motor Accessory Company.

His Honor the presiding Judge thus charged the jury:

"If you intrust your property into the hands of someone else, you should record that in writing in the clerk of Court's office if that should be such property as the statute which I have just read includes. But, unless it should be in accordance with what the statute provides, then you are not required to record such a paper. For instance, if you go to a pawnshop, it would be different, and if you would go to a livery stable, and leave your horse there, it would be different. You would not have to have an agreement written out and recorded. If the property is intrusted to another party for a short, temporary period of time, that is one matter; but, if you intrust your property to some one else for a long period of time, which is intended to last indefinitely, from year to year, then the law requires that an agreement such as that be reduced to writing, and to be recorded. So I charge you that, if the gasoline tank was in the possession of the Motor Accessory Company, you will decide this case under the law as I have charged you, applied to the facts as you find them from the evidence."

The exceptions assign error on the part of his Honor the Circuit Judge in defining the words "temporary use" in the foregoing section of the statute.

In order properly to construe the words "nothing herein contained shall apply to any persons renting or hiring property for temporary use," it is necessary for us to ascertain the intention of the statute. Its primary purpose, unquestionably, was the protection of subsequent creditors and purchasers for valuable consideration without notice. Therefore the word "temporary" was not used in contradistinction to the word "permanent," for any definite period of time, but to indicate such length of time as is not reasonably calculated to mislead subsequent creditors and purchasers into the belief that the person in possession of the property is the owner thereof.

The charge of his Honor the presiding Judge failed to conform to this construction, and the error was prejudicial to the rights of the plaintiff.

There is another reason why the plaintiff was entitled to recover possession of the property.

2    When the property is sold under compulsory process to raise money to pay debts, the rule of *caveat emptor* prevails.    The officer sells and the purchaser buys only the interest which the debtor has in the property, In *Perry v. Williams*, Dud. 44, it is said:

"The rule in sheriff's sales is *caveat emptor*.    The sheriff sells the interest of the defendant in the property, and the purchaser buys it, be it more or less.    In the case of *Moore v. Aiken*, 2 Hill, 403, although it appeared that the defendant had no title, yet Aiken, who was the purchaser, was held to pay his bid.    * * * In *Davis v. Hunt*, 2 Bailey, 412, the purchaser was held bound to pay, although he bought his own land, and did so under the supposition that his fi. fa. was the oldest."

See, also, *Latimer v. Wharton*, 41 S. C. 508, 19 S. E. 855, 44 Am. St. Rep. 739, and 16 R. C. L. 119, 120.

Reversed.