13807

DODD v. EDWARDS

(173 S. E., 633)

Before Foster, J., County Court, Spartanburg, August, 1933.

*Mr. M. R. McCown,* for appellant,

*Mr. J. Allen Lambright,* for respondent,

March 15, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent lives at Landrum, in Spartanburg County, S. C.; at Tryon, N. C., some three or four miles across the line from Landrum, live the appellant, Mrs. Edwards, and Miss Potter. Mrs. Edwards was the owner of a Buick automobile which she rented to Miss Potter for the sum of $10.00 per week. No definite time was fixed for the termination of the contract of rental. At Landrum the respondent, Dodd, had a service station from which he sometimes supplied Miss Potter with gasoline for the rented car. Finally she became indebted to him for gasoline and a set of tires in the sum of $54.29. Being unable to collect his debt, and seeing Miss Potter in Landrum with the car, he had it attached by proper proceeding in the Court of Magistrate W. R. Dillingham. By proper order Mrs. Edwards was allowed to come in and set up her claim as the owner of the car. Miss Potter failed to appear at the trial, and judgment by default was taken against her. The appellant proved her ownership of the automobile, but the magistrate held that the attachment was a valid lien on it superior in priority to the title of appellant, whose ownership was upheld. Mrs. Edwards appealed to the County Court of Spartanburg County. The appeal was heard by the Honorable Miller C. Foster, the Judge of that Court, who affirmed the judgment of the magistrate's Court. From his order we quote this: "He (the Magistrate) decided that the attachment was valid, and that under Section 7047 of the Civil Code of 1932 the car should stand for the debt."

He added further: "The law in this case seems to be stated by Justice McIver in *Ex parte Dickinson*, 29 S. C., 453, 7 S. E., 593, 1 L. R. A., 685, 13 Am. St. Rep., 749, that the law of comity which would ordinarily compel the South Carolina Court to recognize the validity of a valid act in North Carolina when put before this Court, does not

hold in the case where a party seeking the protection of our Court has violated an express statute of our State."

There can be no question of the correctness of the utterance of the law by Mr. Justice McIver in the *Dickinson case,* cited by Judge Foster; we think, however, it does not apply to the present case. In that case persons resident in New York and creditors of a person also resident in New York, but who owned property in South Carolina, sued on their claims and attached the property of the debtor in South Carolina. The debtor in New York had made an assignment of his property in New York and in South Carolina for the benefit of his creditors. The assignee was allowed to intervene and move to set aside the attachments. It appears that the deed of assignment, which was executed in New York, give a preference to certain creditors of the assignor. It was contended that although, because of such attempted preference, the assignment was invalid under the statute of this State it should nevertheless be upheld under the doctrine of comity. Our Court held that: "Where, as in this case, it is sought to set up an assignment directly in conflict with our express statutory enactment, and containing provisions which our statute declares shall render it 'absolutely null and void and of no effect whatsoever,' we think it clear that no principles of comity require us to recognize such an assignment, even though it be in strict conformity with the law of the debtor's domicile."

The facts in the present case are different. In the *Dickinson case* the creditors and the debtor were residents of New York, the property attached in South Carolina consisted of personal property, some of it attached to the soil, and all of it was of a nature to assure its remaining in this State. In the present case, Mrs. Edwards, the owner of the property, and Miss Potter, who rented it, were residents of North Carolina, and the property was kept in North Carolina, except for occasional and casual use in South Carolina. There

is no statute in North Carolina which requires that a contract of rental of the nature here involved should be recorded.

There is a case from our Supreme Court, decided subsequent to the *Dickinson case,* in which the facts are in almost exact accord with our present case, viz., *Adams v. Fellers,* 88 S. C., 212, 70 S. E., 722, 723, 35 L. R. A. (N. S.), 385. Mr. Justice Woods wrote that opinion, and reviews and distinguishes the *Dickinson case.* In the *Adams case* it appears that Adams, who was a resident of Royston, Ga., by a written contract rented to Heatherly of Elberton, Ga., a motion picture machine. Heatherly, without the knowledge and consent of Adams, removed the machine to Greenwood, S. C., and sold it to Fellers, and left for parts unknown. When Adams learned these facts and made demand for the possession of the property, Fellers refused to deliver it, and the action followed.

The Circuit Judge directed a verdict for the defendant, holding that Fellers was a purchaser for value without notice, and was protected by Section 2655, Code of Laws (now Section 7047, Code 1932). Reviewing the *Dickinson case,* Mr. Justice Woods said: "In Ex parte Dickinson an assignment for the benefit of creditors, executed in New York, containing preferences as to certain creditors, and covering among other property real estate and personalty situated in Lancaster County, S. C., was attacked as null and void under the South Carolina statute. The Court upheld this contention, but expressly limited its holding to the point 'that a transfer of personal property located in one State, by the owner in the state of his domicile, valid according to the laws of the state, but in violation of the laws of the state where the property was actually located, could not be recognized by the courts of the latter state.' "

The learned Justice also reviews the case of *Ludden & Bates Southern Music House v. Dusenbury,* 27 S. C.. 471, 4 S. E., 60, and continues his opinion in this wise: "The distinction

between these cases and the case at bar is obvious. Here the situs of the property was in Georgia, where both parties resided, and it was their intention that it should remain in Georgia. The law of Georgia did not require the contract to be recorded, and, further, did not allow the bailee in such cases to remove the property from within the state without the consent of the bailor. Adams, the plaintiff in this action, did everything required by the law of the state of the residence of both parties to the contract, and where the property was situated, to protect his title, and claimed his property as soon as he had notice of its removal. It seems clear, therefore, that his rights should not be defeated because the bailee, in violation of his contract, and without the bailor's consent, removed the property to another state whose laws are in conflict with the laws of his own state."

The opinion quotes further from Wharton on Conflict of Laws, § 355—B, as follows: "The weight of authority holds, in accordance with the rules relating to chattel mortgages, that unless the local law of the latter state with reference to filing or recording conditional contracts of sale expressly or by clear implication applies to contracts made out of the state with reference to property subsequently brought into the state, it is not necessary to file or record contracts in that state, unless it was contemplated at the time of the sale that the property should be removed to such state, in which case filing or recording seems to be necessary, notwithstanding that the contract of sale was completed in another state."

The case of *Adams v. Fellers, supra,* is quoted in the annotation to the case of *Turnbull v. Cole,* 25 A. L. R., 1149 (70 Colo., 364, 201 P., 887), along with authorities from other state Courts and United States Courts, in support of this pronouncement of the rule: "Assuming that by the law of the place where a conditional contract of sale is made, and where the property is then located, the reservation of title in the vendor is valid as between the parties and effec-

tive as against third persons, the vendor's title is good, and will be enforced, as against innocent purchasers from, or creditors of, the conditional vendee (or persons having similar rights), who purchase, or levy upon, the property after its removal to another state, although the contract is not recorded or registered in that state in accordance with a local statute."

In the case of *Mercantile Acceptance Co. v. Frank,* decided by the California Supreme Court *en banc,* reported in 203 Cal., 483, 265 P., 190, 191, 57 A. L. R., 696, this was held: "The validity and construction of a contract are determined by the law of the place where it is made. Accordingly, it is quite generally held that a contract valid in the place where made is valid everywhere; and that a contract invalid where made is invalid everywhere; and the validity or invalidity of a contract so determined will, on principles of comity, be recognized wherever it is sought to be enforced, even although the law of the forum would have determined otherwise if applied."

In that case the Court held that the lien of a chattel mortgage valid where executed is not lost by removing the property into another state, as against an innocent purchaser or attaching creditors.

From 11 Corpus Juris, page 422, § 31, this is taken: "Where the parties reside and the property is located, at the place where the mortgage is executed, its validity, construction and effect are determined by the law of that place. Thus the statutes of one state requiring mortgages or other instruments dealing with personal property to be recorded in the town or county where the mortgagors reside do not apply to the mortgages made in another state where the parties and the property are at another time."

It was error to hold that Mrs. Edwards, the appellant, must lose her property because she did not record her rental contract in South Carolina. She resided in North Carolina; the person who rented the automobile also resided in North

Carolina. If it be conceded, but it is not so conceded, that her contract of rental was of a nature to require that it be recorded to protect her rights from those of innocent purchasers or creditors without notice, the question remains to be answered, Why was it incumbent on her to record it in Spartanburg? Because that county adjoins Polk County, N. C., where the appellant lives? Greenville County, S. C., adjoins it, also. It was error to apply the provisions of Section 7047, Code 1932, to this contract of hire.

We think the judgment of the lower Court should be reversed on the further ground that the contract of rental here shown comes within the exception of Section 7047, Code 1932. This section requires that agreements between vendor and vendee, or bailor and bailee, where the vendor or bailor reserves any interest in the personal property, to be effective against subsequent purchasers, and creditors without notice, shall be reduced to writing and recorded; "but nothing herein contained shall apply to livery stable keepers, inn keepers, or *any other persons letting or hiring property for temporary use,*" etc.

We think the contract which is acknowledged to exist in this case comes within the provisions of the section which we have *underscored*. It is clearly a letting or hiring for temporary use.

It is the judgment of this Court that the judgment of the lower Court, as it applies to the appellant, be reversed, and that the attachment on the automobile of appellant be discharged.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.