**In the Matter of SOUTH ATLANTIC PACKERS ASSOCIATION, INC., Debtor.**

**C.C. VAUGHN & SONS, INC., Plaintiff,**

v.

**Robert F. ANDERSON, Trustee for South Atlantic Packers Association, Inc., Defendant.**

Complaint No. 81–0823.

Bankruptcy No. 81–01417.

United States Bankruptcy Court, D. South Carolina.

June 28, 1982.

Frank A. Barton, West Columbia, S.C., for plaintiff.

Robert F. Anderson, Anderson & Robinson, Columbia, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### INTRODUCTION

This is an action to recover ramp scales rented by the debtor from the plaintiff in August of 1980, and now in the possession of the trustee in bankruptcy. Initially, the scales were delivered and installed by the plaintiff's employees at the debtor's place of business in Sumter, South Carolina. Later, on May 26, 1981, the scales were transferred by the employees of the plaintiff to the debtor's place of business in Columbia, South Carolina, where they were in the possession of the debtor when the debtor filed its petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701, *et seq.*) on October 6, 1981.

### ISSUE

The issue is whether the plaintiff, which rented the scales to the debtor, is required by the South Carolina bailment statute (S.C.Code § 27–23–80 (1976)) [1] to record its

---

1.  S.C.Code § 27–23–80 (1976) states:

Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages. In the case of a subsequent mortgagee of the property for valuable consideration without notice, the instrument evidencing such subsequent mortgage must be filed for record in order for its holder to claim under this section as a subsequent mortgagee for value without notice and the priority shall be determined by the time of filing for record. But nothing herein contained shall apply to livery stable keepers, innkeepers or other persons letting or hiring property for temporary use or for agricultural purposes or depositing such property for the purpose of repairs or work or labor done thereon or as a pledge or collateral to a loan.

rental agreement, or whether, as posited by the plaintiff, no such recording is required by reason of the rental agreements coming within the "temporary hire" exception set out in S.C.Code § 27–23–80 (1976).

Admittedly, there was no recording.

## DISCUSSION AND CONCLUSION

### I.

The plaintiff is a vendor of industrial scales. The rental agreement between the plaintiff and the defendant was oral, had no expiration date, and provided for monthly payments to the plaintiff by the debtor.

In attempting to reclaim the scales from the possession of the trustee, the plaintiff relies on the "temporary use" exception in S.C.Code § 27–23–80 (1976).

"Temporary use" is a hard to define term of art which must be addressed on a case by case basis. The Supreme Court of South Carolina has stated that temporary use, as defined in the South Carolina bailment statute, is "not used in contradistinction to the word permanent, or any definite period of time, but to indicate such length of time as is not reasonably calculated to mislead subsequent creditors and purchasers into the belief that the person in possession of the property is the owner thereof." *Gulf Refining Co. v. McCandless,* 118 S.C. 6, 9, 109 S.E. 801, 802 (1921).

■ The scales are necessary for the day-to-day chicken processing operations of the debtor. Being constructed of heavy metal, they are not easily movable. The scales are affixed to the debtor's building.

These scales had been in the possession of the debtor for approximately 14 months before the filing of the bankruptcy petition. It may be inferred that this 14 month period was not a "length of time as is not reasonably calculated to mislead subsequent creditors and purchaser into the belief that

the person in possession is the owner," and to require compliance with the bailment statute. *Id.* at 9, 109 S.E. 802.

Therefore, the rental of these scales did not fall into the temporary use exception as set forth in the South Carolina bailment statute.

The plaintiff relies on *Dodd v. Edwards,* 172 S.C. 213, 173 S.E. 633 (1934) which held that the lease of an automobile on a weekly basis, in which no definite time was fixed for the termination of the rental agreement, came within the temporary use exception set forth in the bailment statute. That case is distinguishable from the case at bar. In *Dodd,* the rental payments were made weekly. In the case before the court, the payments were made monthly. Moreover, the automobile in *Dodd* was owned by a North Carolina resident who rented it to a South Carolina resident. The South Carolina Court emphasized that the law in effect in North Carolina did not require the lease of an automobile to be recorded.

The plaintiff also invites our attention to *Gulf Refining Company v. McCandless,* 118 S.C. 6, 109 S.E. 801 (1921), which involves the bailment of gasoline storage tanks which were stored underground—out of sight of the bailee's subsequent creditors and/or purchasers. In the case at bar, a subsequent creditor of, or purchaser from, the debtor viewing the premises of the debtor could reasonably expect the scales to be the property of the debtor.

### II.

■ Because the rental of the scales does not come within the temporary use exception, the plaintiff was required by S.C.Code § 27–23–80 (1976) to record its bailment.

By reason of the plaintiff's failure to record properly the rental agreement, the trustee in bankruptcy has superior rights to the scales pursuant to 11 U.S.C. § 544(a).[2]

---

**2.** 11 U.S.C. § 544(a) states:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer

of property of the debtor or any obligation incurred by the debtor that is voidable by-
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with

See *Campbell v. Cannington* (In re Economy Milling Co.), Case No. 80–00901, Complaint No. 81–0171 (B.Ct.D.S.C., 1981), remanded to allow defendant to make motion for relief from judgment based on after discovered evidence, No. 82–222–6 (D.S.C. 1982).

## ORDER

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment shall be entered for the defendant and that the complaint is hereby dismissed with prejudice.

respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such

time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.