In re Tony M. LONG, d/b/a Long's Sunset 66 a/d/b/a Long's Auto Sales & Ann R. Long, Debtors.

**WESTBERRY OFFICE MACHINE CO, Plaintiff,**

v.

**W. Ryan HOVIS, Trustee, Respondent.**

Bankruptcy No. 82–02160.
Adversary Action 83–0045.

United States Bankruptcy Court,
D. South Carolina.

April 26, 1983.

Ronald R. Hall, Cayce, S.C., for plaintiff.

W. Ryan Hovis, Rock Hill, S.C., for respondent.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### FACTS

This is an action to recover a photocopier, now in the possession of the trustee in bankruptcy, rented by Tony M. Long (the debtor) from the plaintiff on November 3, 1981. The photocopier continued in possession of the debtor up to and through the date of the debtor's filing of the petition for relief under Chapter 7 of the Bankruptcy Code on December 22, 1982. The plaintiff filed no UCC financing statements or other documents to perfect any security interest it may have had in the photocopier. The defendant has moved for summary judgment and the parties have stipulated that there are no issues of fact remaining to be resolved.

### ISSUE

The issue is whether the plaintiff, which rented the photocopier to the debtor, is required by the South Carolina Bailment

Statute (S.C.Code, § 27–23–80 (1976))[1] to record its rental agreement. The defendant contends no recording is required by reason of the rental agreement's coming within the "temporary use" exception set out in that section.

## CONCLUSION

### I

 Inasmuch as the rental of the photocopier continued for a period of almost fourteen (14) months before the debtors filed the petition for relief, the rental period was such length of time as is "reasonably calculated to mislead subsequent creditors into believing that the person in possession is the owner"; thus, the rental agreement does not fall within the "temporary use" exception. *C.C. Vaughn & Sons, Inc. v. Anderson (In re South Atlantic Packers Association, Inc.)*, Case No. 81–01417, Complaint No: 81–0823 (Bankr.D.S.C. June 25, 1982), quoting *Gulf Refining Co. v. McCandless*, 118 S.C. 6, 109 S.E. 801, 802 (1921).

### II

Because the rental of the photocopier does not fall within the "temporary use" exception, the plaintiff was required by S.C. Code § 27–23–80 (1976) to record its bailment.

**1.** § 27–23–80 (1976):
   Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages. In the case of a subsequent mortgagee of the property for valuable consideration without notice, the instrument evidencing such subsequent mortgage must be filed for record in order for its holder to claim under this section as a subsequent mortgagee for value without notice and the priority shall be determined by the time of filing for record. But nothing herein contained shall apply to livery stable keepers, innkeepers or other persons letting or hir-

By reason of the plaintiff's failure to record properly the rental agreement, the trustee in bankruptcy has superior rights to the photocopier pursuant to 11 U.S.C. § 544(a)(1)[2]. *C.C. Vaughn & Sons, Inc. v. Anderson, (In re South Atlantic Packers),* supra; See also, *Campbell v. Cannington (In re Economy Milling Co.),* Case No. 80–00901, Complaint No. 81–0171 (Bankr.D.S.C. December 28, 1981); *aff'd* C.A. 82–222–6, (D.S.C. February 4, 1983).

## ORDER

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that judgment be entered for the defendant and that the complaint be, and it is hereby, dismissed with prejudice.

ing property *for temporary use* or for agricultural purposes or depositing such property for the purpose of repairs or work or labor done thereon or as a pledge or collateral to a loan. (Emphasis added).

**2.** 11 U.S.C. § 544:
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists; . . .